Dear Mr. Geisler:
This opinion is in response to your question asking:
 Whether the time limitations set forth in 545.780, RSMo are applicable to:
 (1) Felony cases pending in Associate Circuit Court awaiting preliminary hearings
 (2) Misdemeanor cases pending in Associate Circuit Court awaiting trial
 (3) Ordinance violations where convictions have been obtained in the city's municipal court and thereafter appealed to Associate Circuit Court.
Section 545.780,[1] establishes certain time limitations relating to criminal prosecutions. In relevant part, that section provides:
 1. The arraignment of a defendant charged in an information or indictment with the commission of an offense shall be held within ten days from the filing of the information or the making public of the indictment.
 2. When a plea of not guilty is entered at an arraignment the trial shall commence within one hundred eighty days of arraignment.
We answer part (1) of your question in the negative. We believe it is clear that as to a defendant charged in an information with the commission of an offense, the provisions of Section545.780 are not operative until the filing of the information. In felony cases, no information shall be filed until after the accused is accorded the right of a preliminary hearing in associate circuit court. Section 544.250. Since the preliminary hearing must precede the filing of a felony information, the time limitations imposed under Section 545.780 do not apply to felony cases awaiting preliminary hearing.
Part (2) of your question is answered in the affirmative. Section 545.780 applies whenever a defendant is charged with the commission of an offense. Section 556.061(18) defines "offense" as "any felony, misdemeanor or infraction." Thus, whenever an information has been filed or an indictment returned in a misdemeanor case, an arraignment must be held within ten days and the trial must commence within 180 days of arraignment.
We answer part (3) of your question in the negative. Section479.200 gives a defendant tried before a municipal judge the right to a trial de novo before a circuit judge or associate circuit judge. Whether the time limits in Section 545.780 apply to a trialde novo in associate circuit court of a municipal ordinance violation depends upon whether such violation is an "offense" as contemplated in Section 545.780.
An infraction is defined in Section 556.021.1 as "[a]n offense defined by this code, or by any other statute of this state. . . ." Since violations of municipal ordinances are defined by those ordinances, and not by any statute of the State of Missouri, they are not infractions within the meaning of Section556.021.1 nor are they felonies or misdemeanors. Therefore, such violations are not "offenses" within the meaning of Section545.780.
CONCLUSION
It is the opinion of this office that the time limits prescribed in Section 545.780, RSMo 1978, (1) do not apply to felony cases pending in associate circuit court awaiting preliminary hearings, (2) do apply to misdemeanor cases pending in associate circuit court awaiting trial, and (3) do not apply to ordinance violations where convictions have been obtained in the city's municipal court and thereafter appealed to associate circuit court.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Jay D. Haden.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] All statutory references herein are to RSMo 1978.